IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TERRY GREENE and EULA GREENE**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2397-L** |
| | § | |
| **BAC HOME LOANS SERVICING**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before this court is Defendant BAC Home Loans Servicing, LP's Motion to Dismiss, filed November 30, 2010. Plaintiffs Terry and Eula Greene ("Plaintiffs") did not respond to the motion. Defendant BAC Home Loans Servicing, LP ("Defendant") argues that Plaintiffs' claims, which arise from a foreclosure sale of real property, are contradicted by official records. Specifically, the thrust of Plaintiffs' complaint asserts that Plaintiffs signed a promissory note payable to Fidelity Home Mortgage Corporation, which was secured by a deed of trust. The beneficiary of the deed of trust was Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiffs allege that Defendant was never a party to the promissory note or deed of trust and that there is no record of assignment to Defendant. Accordingly, Plaintiffs request the court to make a determination that Plaintiffs have title to the real property in question and are entitled to possession of that property.

Defendant submits copies of the promissory note and deed of trust as attachments to its motion to dismiss, in addition to the recording of assignment from MERS to Defendant as beneficiary of the deed of trust and payee on the promissory note. Defendant states that these documents are part of the pleadings and expressly contradict Plaintiffs' allegations, making

**Memorandum Opinion and Order – Page 1**

Plaintiffs' claims untenable. Moreover, to the extent that Plaintiffs allege other claims, Defendant contends that Plaintiffs have alleged insufficient facts to support their claims and that they should be dismissed or repled in compliance with Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure.

As a threshold matter under Rule 12(d), the court must decide whether Defendant's motion to dismiss should be characterized as a motion for summary judgment pursuant to Rule 56. If the court treats the motion as one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the [converted] motion." Fed. R. Civ. P. 12(d). The court elects to treat Defendant's Rule 12(b)(6) motion as one for summary judgment pursuant to Rule 56 because Defendant includes records of assignment as exhibits to its motion. Plaintiffs do not mention these documents in their complaint because they state that such documents do not exist. Accordingly, the court cannot treat them as part of the pleadings. The clerk of the court is **directed** to alter the title of Defendant's motion on the docket sheet to reflect that it is a motion for summary judgment rather than a motion to dismiss. The court will also afford Plaintiffs an opportunity to respond to Defendant's motion for summary judgment.

With respect to Plaintiffs' complaint, Defendant additionally raises objections under Rule 8 and Rule 9(b). Although Plaintiffs' principal claim appears to be for trespass to title, Plaintiffs also request punitive damages and make allegations of Defendant's "false, deceptive and misleading representations," which suggest a fraud claim. Compl. at 3. To the extent that Plaintiffs wish to assert fraud as one of their claims against Defendant, Plaintiffs are **directed** to comply with Rule 9(b) of the Federal Rules of Civil Procedure pertaining to the way a fraud claim should be pled. Specifically, Rule 9(b) requires "a plaintiff pleading fraud to specify the statements contended to

be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) (quotations omitted). To satisfy this requirement, a plaintiff must allege "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Tuchman v. DCS Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quotations omitted). The heightened pleading requirements of Rule 9(b) are also applied to negligent misrepresentation claims when an independent factual basis is not urged. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003); s*ee also Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp.2d 734, 742 (S.D. Tex. 1998). Plaintiffs are **ordered** to file an amended complaint no later than **March 31, 2011**, to comply with Rule 9(b) to the extent that they wish to assert a fraud or negligent misrepresentation claim against Defendant.

Finally, in light of the court characterizing Defendant's motion to dismiss as a motion for summary judgment, Plaintiffs are **ordered** to file their response, if any, no later than **April 11, 2011**. Defendant shall file its reply no later than **April 21, 2011**. Moreover, the court originally ordered Plaintiffs to file a certificate of interested persons in this case by February 22, 2011. To date, Plaintiffs have not complied with the court's order. The court once again **orders** Plaintiffs to file a certificate of interested persons no later than **March 31, 2011**. *Plaintiffs are placed on notice that failure to comply with the court's instructions will result in dismissal of their case pursuant to Rule 12(b)(6) for failure to state a claim, Rule 56 for summary judgment, or Rule 41(b) for want of prosecution or failure to comply with a court order, as the court deems appropriate.*

**It is so ordered** this 11th day of March, 2011.

                                                  Sam A. Lindsay
                                                  United States District Judge